## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

ELIZABETH MARIE SOWDER, )
)
Plaintiff, )
)
v. )
) Case No. CIV-21-225-SM
KIKOLO KIJAKAZI, )
Acting Commissioner of Social )
Security Administration, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Elizabeth Marie Sowder (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). Docs. 14, 15.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings arguing the Administrative Law Judge's (ALJ) conclusion that Plaintiff "can frequently handle, finger, and feel bilaterally is improper and unsupported by substantial evidence." Doc. 18, at 4. After a careful review of the record (AR), the parties' briefs, and the relevant

authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

## I.    Administrative determination.

### A.    Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B.    Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the

---

[1]    Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

## C. Relevant findings.

### 1. Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 16-31; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1)     had not engaged in substantial gainful activity since October 1, 2018, the alleged onset date;

(2)     had the following severe medically determinable impairments: disorders of the cervical spine, discogenic and degenerative, status post August 2019 fusion C5-7; lumbago; left carpal tunnel syndrome, status post August 2019 release; osteoarthritis of the hands and knees; and obesity;

(3)     had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)     had the residual functional capacity[2] (RFC) to perform sedentary work with additional restrictions;

(5)     could not perform her past relevant work;

(6)     could perform jobs that exist in significant numbers in the national economy, namely, as an addresser, DICOT 209.587-

---

[2]     Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

010; surveillance system monitor, DICOT 379.367-010; and
document preparer, DICOT 249.587-018; and thus

(7)    had not been under a disability from October 1, 2018 through
September 24, 2020.

AR 17-31.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record."

*Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

### B.   Issue for judicial review.

Plaintiff asserts the ALJ's conclusion that Plaintiff could frequently reach, handle, finger, feel, push, and pull is unsupported by substantial evidence. Doc. 18, at 4-5. As a subset of that argument, Plaintiff alleges that the jobs of surveillance system monitor and addresser are improper and essentially obsolete. *Id.* at 7-12.

#### 1.   The ALJ's findings.

The ALJ found as follows regarding Plaintiff's ability to reach, handle, finger, feel, push, and pull:

> Given the claimant's left carpal tunnel syndrome, reports of significant hand pain and her reduced grip strength, as well as considering the improvements she made following her carpal tunnel release, the undersigned finds that she could frequently reach, handle, finger, feel, push, and pull (Ex. 3F at 11, 13, 15, 5F at 4, 14F at 3).

AR 28.

#### 2.   Plaintiff's arguments about her hand pain, range of motion, and strength.

Plaintiff acknowledges that following the August 2019 left carpal tunnel release procedure, she experienced improvements in her hands. Doc. 18, at 5.

5

But she argues she continued to experience pain and could not frequently handle, finger, and feel. *Id.* She points to a December 2019 physical examination that showed severe atrophy of the left abductor pollicis brevis and muscle strength of 3/5. *Id.* D.O. Gabriel Pittman's prognosis for full recovery of the left median nerve was "guarded." *Id.* (quoting AR 603). And, over a series of visits, D.O. Paul Maitino diagnosed Plaintiff with osteoarthritis of the bilateral hands and chronic pain, and noted her continuing left hand pain, decreased grip strength, and difficulty with the range of motion to the left thumb. *Id.* at 6 (citing AR 702, 700, 696, 694, 692, 690, 688).

### 3. The ALJ's conclusion was supported by substantial evidence.

The ALJ considered Dr. Pittman's "guarded" prognosis. AR 26. The ALJ found the state agency consultants' opinions partially persuasive. *Id.* at 28. He discounted them for their "fail[ure] to include any environmental limitations." *Id.* These opinions noted Dr. Maitino's records indicating "pain to the left hand with decreased grip strength." *Id.* at 75, 93. And they noted her difficulty with range of motion with her left thumb. *Id.* They noted her left handling and fingering was "[l]imited to frequent left handling and fingering." *Id.* at 74, 92.

As to Plaintiff's complaints of pain, the ALJ discounted her consistency. He found her reported "severity of her subjective pain and functional limitations [were] out of proportion to the objective findings and recommended

course of treatment." *Id.* at 23. He observed Plaintiff's activities of daily living, stating she "ha[d] engaged in a somewhat normal level of daily activity and interaction." *Id.* at 27. Her activities included doing laundry, cooking, feeding her pets, cleaning the cat litter box, and loading the dishwasher. *Id.* The Court finds that substantial evidence supports the ALJ's RFC assessment.

### 4. A significant number of jobs existed in the national economy, so any alleged error was harmless.

Plaintiff next challenges the viability of two of the three (surveillance system monitor and addresser) the vocational expert identified. Doc. 18, at 7-12. For surveillance system monitor, she argues the DICOT's description is "completely unreasonable" and that the job is no longer viable. *Id.* at 7-8. As to the addresser job, she argues the position is "obsolete" and the vocational expert's testimony is thus "inherently unreliable" given the outdated nature of the job. *Id.* at 10-11. As the Commissioner points out, the Court need not make a finding about these two positions because the vocational expert testified, and the ALJ found, that there were 44,000 document preparer jobs in the national economy. Doc. 21, at 7-8. The Court agrees that any alleged error would be harmless, as 44,000 jobs nationally is a significant number for harmless error purposes. *Lynn v. Colvin*, 637 F. App'x 495, 499 (10th Cir. 2016) (finding 24,900 nationally available jobs as significant, even if only 700 jobs are available locally, because "[t]he relevant test is *either* jobs in the regional

economy *or* jobs in the national economy.") (internal quotation marks and citation omitted); *Sly v. Berryhill*, No. CIV-17-781-BMJ, 2018 WL 1954836, at *3 (W.D. Okla. Apr. 25, 2018) (finding that any conflict between the claimant's RFC and the job of document preparer "is harmless [error] as [the claimant] can still perform the work of a clerical mailer" that has a significant number of 32,000 jobs available in the national economy).

## III. Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this __30th__ day of December, 2021.


SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

8